A petition for a rehearing was presented, and the follow i 11 ⅜; opinion delivered.
Upon the supposition that the court below erred in admitting as evidence tile power of attorney introduced by Fowler, this court at a former term delivered an opinion reversing the judgment of that court.
The opinion then given was predicated upon the supposition that no other evidence than the authentication of the power was introduced to prove its execution ; but upon further examination it is perceived that the execution was prov en by the deposition of one of the subscribing witnesses ; and hence it now7 becomes necessary to examine the objections taken in the court below to th« using of that deposition as evidence.
The objections arc, 1st, that no commission to take the deposition dc bene esse bad been previously awarded ; and 2dly, that neither the notice nor the deposition show it to have been taken de bene esse.
Although the witness may in fact be a resident of another country, yet as he appears to have been in this state when his deposition was taken, that deposition ought *523 ⅜0⅜, so long as he remained within the limits of this conn-try, to be used as evitlenre. Hence, before the deposition could have been regularly admitted, the absence of the Witness from the. state ought to have been proven ; but as the exceptions contain no suggestion of the failure of such proof, we cannot infer it was not made.
With respect to the objections taken to the deposition, they cannot prevail.
By the act of 1812 (4 Litt. 337) no comnrssion was necessary to authorise the justice to take the deposition. And although proof of the witness’s absence ought to be made before the ('¡‘position could be used, it is not necessary that either the notice or deposition should recite the contingencies upon which it was to be used.
As, therefore, the execution of the power was proven by competent evidence on the trial, the decision of this court formerly given, reversing the judgment of the court below, must be set aside, and the judgment of that Qpurt affirmed with costs.